UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAURICE BRADLEY CHRISTIAN, | Case No. 13-12618 |
| Plaintiff, | Stephen J. Murphy |
| v. | United States District Judge |
| 43RD DISTRICT COURT FOR THE STATE OF MICHIGAN, *et al*, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 34)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this action on June 14, 2013, against various government officials, claiming violations of his civil rights. (Dkt. 1). On July 9, 2013, District Judge Stephen J. Murphy referred this matter to the undersigned for all pretrial proceedings. (Dkt. 6). On December 6, 2013, defendants filed a discovery plan and the Court entered a Case Management Order (CMO) on January 27, 2014. (Dkt. 20). According to the CMO, initial disclosures were to be exchanged by February 27, 2014, witness lists by March 31, 2014,[1] and discovery completed by April 30, 2014. (Dkt. 20).

On March 13, 2014, defendants filed a motion to compel plaintiff to

---

[1] Notably, plaintiff did not file his witness list by the deadline set forth in the CMO.

produce his initial disclosures and to respond to written discovery requests. (Dkt. 22). Despite being ordered to respond to this motion, plaintiff failed to do so. (Dkt. 24). Thus, on April 29, 2014, the Court granted defendants' motion to compel and ordered plaintiff to provide his initial disclosures and respond to defendants' written discovery requests by April 30, 2014. (Dkt. 29). In this Order, the Court also warned plaintiff that "[f]ailure to timely and adequately comply with this Order may result in further sanctions, including attorney fees and dismissal of this lawsuit." (Dkt. 29, Pg ID 189-90).

On May 12, 2014, defendants filed a motion to dismiss the complaint based on plaintiff's failure to provide discovery responses or provide his initial disclosures as ordered by the Court. (Dkt. 34). The Court ordered plaintiff to respond to the motion by June 4, 2014. (Dkt. 36). Plaintiff requested an extension of time, which was granted until June 25, 2014. (Dkt. 41; Text only order dated 6/16/14). Plaintiff filed his response on June 25, 2014. (Dkt. 44). Defendants filed their reply on July 9, 2014. (Dkt. 45).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.    PARTIES' ARGUMENTS

According to defendants, plaintiff has failed and refused to participate in

discovery in this matter. Plaintiff failed to file any proposed discovery plan and refused to participate in the Rule 26(f) conference, failed to timely produce his initial disclosures, failed to provide any answers to written discovery, failed to file a response to the motion to compel, and then failed to comply with the Court's order granting the motion to compel. Based on the foregoing conduct, defendants assert that dismissal is an appropriate sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b). According to defendants, plaintiff's failures have been wilful and defendants have been prejudiced by plaintiff's failure to participate in discovery and discovery is now closed. Defendants also point out that plaintiff was warned that dismissal was a possible sanction and contend that lesser sanctions are not reasonable, given that discovery has closed and the dispositive motion deadline is only weeks away.[2] For these reasons, defendants request dismissal of the complaint.

In response, plaintiff asserts that the undersigned Magistrate Judge has refused to answer his questionnaires, which he says are germane to the case and will be part of his "discovery packet." According to plaintiff, only after the undersigned has answered these questions, will he satisfy the defects expressed in the motion to dismiss. Plaintiff requests an indefinite extension of time on any

---

[2] The dispositive motion deadline was only weeks away when defendants filed this motion. That deadline of June 2, 2014 has now passed.

and all actions in this matter until his questionnaire has been answered by the undersigned. (Dkt. 44).

In reply, defendants contend that plaintiff's response is nonsensical and does not explain or excuse his failure to comply with the order granting the motion to compel. According to defendants, plaintiff through his own willfulness, bad faith and/or fault has elected not to provide the Court-ordered discovery to defendants and the suggestion that the delay is because of United States District Court Magistrate Judge Hluchaniuk's failure to answer questions is specious and without merit. Thus, defendants request that their motion be granted.

**III. ANALYSIS AND CONCLUSION**

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing

4

that his failure to comply was due to inability, not willfulness or bad faith." *Id.*, citing, *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). In any event, "[d]ismissal of an action ... is a sanction of last resort," *Regional Refuse Sys*, 842 F.2d at 154, and due process appears to require a finding of bad faith or willfulness. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008).

While this case does not present the most egregious pattern of discovery abuses warranting dismissal, such as those found in *Fharmacy Records v. Nassar*, 379 Fed.Appx. 522 (6th Cir. 2010), such is not the standard to be applied. Rather, an examination of the four *Reyes* factors reveals that dismissal is warranted in this case. In the view of the undersigned, plaintiff's pattern of persistently failing to follow the Court's orders could only be willful. As Judge Roberts pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." Here, not only did plaintiff fail to comply with the Court's CMO regarding initial

5

disclosures and his witness list, he failed to comply with the Order granting the motion to compel. His response to the motion offers no legitimate excuse or any reason for his failure to follow any of the orders or to participate in discovery. The Court has already denied plaintiff's requests for the completion of such questionnaires (Dkt. 38) before and after plaintiff filed his response to the motion to dismiss, and explained that there is no basis for the undersigned to answer his interrogatories or complete a "questionnaire." (Dkt. 43).[3] Plaintiff had every opportunity to prepare a substantive response to defendants' motion to dismiss, having been granted an extension of time to do so, and yet, he failed to address any of the issues raised by defendants and ostensibly admits that all of defendants' complaints are true. Under these circumstances, plaintiff's behavior can only be described as wilful and this factor weighs in favor of dismissal.

The prejudice to defendants is clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX*

---

[3] In Dkt. 38, the Court treated plaintiff's requests as motions for recusal and denied them. In Dkt. 43, issued after plaintiff filed his response to the motion to dismiss, the undersigned further explained that there was no authority requiring the undersigned magistrate judge to complete any such questionnaires or answer interrogatories. Dkt. 43 was issued on July 31, 2014, and plaintiff has still made no effort in the more than three subsequent months since to provide any substantive response to defendants' motion.

6

*Transp.*, 110 F.3d 364, 368 (6th Cir. 1997). In addition, defendants' inability to prepare a defense in this case by obtaining information from key witnesses is prejudicial. *See Smith v. Nationwide Mut. Ins. Co.*, 410 Fed.Appx. 891 (6th Cir. 2010). Thus, this factor weighs in favor of dismissal.

Third, plaintiff was provided a clear warning that his failure to comply with the order granting the motion to compel would result in sanctions, including dismissal of the complaint. Thus, this factor weighs in favor of dismissal. Finally, given plaintiff's repeated failures to comply with Court's orders since the CMO was issued, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013)

(recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to prosecute his claims. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 18, 2014              s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on November 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Paul Daniel Christ and that I have mailed by United States Postal Service to the following non-ECF participant: Maurice Bradley Christian, 23560 Cloverlawn, Oak Park, MI 48237.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov